IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEONARD PONDER | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 4:13-CV-0074-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| WENDY ISHMAN, et. al. | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER & RECOMMENDATION

Plaintiff Leonard Ponder, a pre-trial detainee currently confined at the Muscogee County Detention Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and paid a partial filing fee as required by 28 U.S.C. § 1915(b)(1). Plaintiff shall pay the remaining balance of the filing fee as directed later in this Order and Recommendation. For this reason, the Clerk is directed to send a copy of this Order to the warden and/or business manager of the Muscogee County Detention Facility.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is also required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now completed a review of Plaintiff's Complaint (ECF No. 1), the undersigned finds that it would be premature to dismiss Plaintiff's claims against Defendant Wendy Ishman prior to service. It is **RECOMMENDED**, however, that Plaintiff's claim against Defendant Paul Morris be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court is required to dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id*. In other words, the complaint must allege "enough facts to raise a

reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## ANALYSIS OF CLAIMS

The present action arises out of an alleged denial of medical care. In his Complaint, Plaintiff alleges that he is diabetic and that Defendant Wendy Ishman, a prison nurse, was deliberately indifferent to his low blood sugar levels. This apparently led to Plaintiff falling into a "diabetic coma." Plaintiff was allegedly revived by other inmates and received little or no care from Defendant Ishman even after inmates advised her that Plaintiff was "non-responsive."

When viewed liberally and in the light most favorable to Plaintiff, these allegations

may support a constitutional claim under §1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[1] It is thus **ORDERED** that service be made on Defendant Wendy Ishman and that she file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's related claims against Clinical Director Paul Morris be **DISMISSED**.  It is apparent, from the allegations made in the Complaint, that Plaintiff named Defendant Morris as a party because of his supervisory position. To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir.1986).  Plaintiff has not made any such allegation or connection here; he only alleges that Defendant Morris provided "poor training [for] his staff." (Complaint at 6).  This conclusory allegation is not sufficient to state claim. *Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006) ("conclusory allegation that [w]arden . . . failed to properly train and supervise his staff was . . . insufficient to set forth a claim under § 1983).

---

[1] Because Plaintiff was a pre-trial detainee at the time of the events giving rise to this action, the Eighth Amendment has no application to his claims; the relevant constitutional provision is the Due Process Clause of the Fourteenth Amendment. *See Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988) (citing *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S. Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)). However, "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. Dekalb County*, 774 F.2d 1567, 1574 (1985).

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification

from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, Interrogatories may not exceed twenty-five (25) to each party, Requests for Production of Documents and Things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten (10) requests to each party, and Requests for Admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is hereby **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent

7

(20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 6th day of May, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE